66 F.3d 317
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth FULLER, Defendant-Appellant.
 No. 95-5135.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 24, 1995.
Decided Sept. 18, 1995.
 
 Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, SC, for appellant.
 Beattie B. Ashmore, Assistant United States Attorney, Greenville, SC, for appellee.
 Before WIDENER, HALL, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Kenneth Fuller appeals his sentence of 188 months incarceration following his conviction for possession with intent to distribute cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) (1988). Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending that the FED. R. CRIM. P. 11 colloquy was defective and that the district court erred in refusing Fuller's motion for a downward departure. Although he was advised of his right to do so, Fuller did not file a supplemental brief. Finding no reversible error after an entire review of the record, we affirm.
 
 
 2
 The district court accepted Fuller's guilty plea in full compliance with FED. R. CRIM. P. 11. The court personally addressed Fuller, insuring that he understood the nature of the charges to which the plea was offered, the minimum and maximum sentences available, his possible guidelines sentence, his mental competency, and his various rights. FED. R. CRIM. P. 11; United States v. DeFusco, 949 F.2d 114, 116 (4th Cir.1991), cert. denied, 503 U.S. 997 (1992). Based on the exchange, it is evident that Fuller made a fully informed and voluntary plea.
 
 
 3
 Fuller acknowledged that he signed the plea agreement, understood the nature and consequences of his plea, discussed the case with counsel, and that the plea was freely and intelligently made. The Government made a proffer of proof of what would have been shown had the case gone to trial, to which Fuller did not object. Based on Fuller's statements and actions, the district court accepted Fuller's plea as a knowing and voluntary plea supported by an independent basis in fact. After a complete review of the record, we conclude that the district court complied with all provisions of Rule 11.
 
 
 4
 Next, Fuller contends that the district court should have granted his motion for a downward departure because his criminal history was overstated. The denial of a request for a downward departure is reviewable only if the district court mistakenly believed that it lacked the authority to depart. United States v. Underwood, 970 F.2d 1336, 1338 (4th Cir.1992); see also United States v. Bayerle, 898 F.2d 28, 30 (4th Cir.), cert. denied, 498 U.S. 819 (1990). Here, the district court was aware of its authority to depart, but chose not to do so after listening to statements by Fuller and counsel for both parties. Consequently, Fuller's claim is without merit.
 
 
 5
 This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED